**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

TARYN KAY, individually and on behalf of all others similarly situated,

*Plaintiff*,

VS.

ICON FITNESS LLC D/B/A ORANGETHEORY FITNESS EUGENE,

*Defendant*.
__________________________________________/

**CLASS ACTION**

**Case No. 1:26-cv-1148**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Taryn Kay ("Plaintiff"), brings this action against Defendant, Icon Fitness LLC d/b/a Orangetheory Fitness Eugene ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Texas Business & Commerce Code §§ 302.101 and 305.053.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and the Texas Business & Commerce Code §§ 302.101 and 305.053 (the 'TBCC').

3. This case arises from Defendant's transmission of text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4. Defendant is a wellness limited liability company engaged in providing health and fitness services to consumers, throughout the United States, including the State of Texas.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA and TBCC.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA and the TBCC, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides within this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing

sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Western District of Texas and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Western District of Texas.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Travis County, Texas.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 1719 (the "1719 Number") that received Defendant's telephonic sales communications.

11. Defendant is an Oregon limited liability company with its principal place of business located at 23 Oakway CTR, Eugene OR 97401.

12. Defendant directs, markets, and provides its business activities throughout the United States, including the State of Texas.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

14. Beginning in or about January 2024, Defendant initiated telemarketing text messages directed at Plaintiff.

15. On or about January 25, 2024, Plaintiff sent an opt-out message stating: "Hi I've asked a few times now to be removed from your lead list. I moved out of Eugene back in 2019.

Can someone confirm that I’m removed?” This was a clear request for Defendant to stop sending telemarketing communications, as shown below:


6:36
+1 (541) 636-2118
Hi I've asked a few times now to be removed from your lead list. I moved out of Eugene back in 2019. Can someone confirm that I'm removed?
Jan 25, 2024 at 8:20 PM
Hi Taryn, we have removed you from the contact list. I sincerely apologize this was not done sooner!
Jan 26, 2024 at 10:02 AM
Thank you 😊
Wed, Nov 26 at 4:31 PM
orangetheory
Join now, get next month free.
Text Message • SMS
Hey Kay!Only 4 days left! It's

16. Defendant acknowledged Plaintiff's opt-out request and confirmed that Plaintiff would no longer receive telemarketing text messages, stating: "Hi Taryn, we have removed you from the contact list. I sincerely apologize this was not done sooner!" Plaintiff reasonably believed Defendant would honor that representation and stop further messages (as shown above).

17. Despite Plaintiff's explicit opt-out request and Defendant's confirmation, Defendant later sent Plaintiff a new series of unwanted telemarketing text messages. Although Plaintiff had revoked any prior consent, Defendant continued contacting Plaintiff, including messages sent on the following dates: November 26, 2025; November 29, 2025; November 30, 2025; December 22, 2025; January 3, 2026; January 12, 2026; January 19, 2026; January 29, 2026; January 31, 2026; and March 9, 2026, as shown below:


+1 (541) 636-2118
Hi I've asked a few times now to be removed from your lead list. I moved out of Eugene back in 2019. Can someone confirm that I'm removed?
Jan 25, 2024 at 8:20 PM
Hi Taryn, we have removed you from the contact list. I sincerely apologize this was not done sooner!
Jan 26, 2024 at 10:02 AM
Thank you 😊
Wed, Nov 26 at 4:31 PM
orangetheory
Join now, get next month free.
Text Message · SMS
Hey Kay!Only 4 days left! It's


+1 (541) 636-2118
Sat, Nov 29 at 9:34 AM
One day left! If you've been thinking about coming back, now's the time. Re-join, get your next month FREE, and lock in added savings with a 6- or 12-month commitment rate on an elite or premier membership.
Reply "STOP" to unsubscribe.
Click the link below to view a video OTF-0806-Eugene made for you.
Text Message · SMS


4:26
+1 (541) 636-2118
Sun, Nov 30 at 4:46 PM
The ultimate OTF starter kit, just $99.
orangetheory
Not quite ready for a membership? Get 5 classes AND an OT Burn heart rate monitor — all for just $99. The perfect way to kick-start your fitness journey & save big. Plus get free entry into our Transformation Challenge in January. Reply "CYBER". Offer valid till 12/1 or while stocks last.
Text Message • SMS
Reply "STOP" to unsubscribe.


4:26
+1 (541) 636-2118
Mon, Dec 22 at 1:47 PM
orangetheory
Unlimited classes
$2/day.*
Hey Kay, We know the holidays can feel full. If you've been thinking about coming back, this is a simple way to gift yourself some consistency before the new year. Rejoin for $2/day for your first month, and try it risk-free with our 30-day money-back guarantee.
Reply "STOP" to unsubscribe.
Click the link below to view a video OTF-0806-Eugene made for you.
https://app.kindkatch.com/share/d5213f24-0d98-4cd6-
Text Message • SMS


4:26
+1 (541) 636-2118
Sat, Jan 3 at 3:38 PM
Unlimited workouts
$2/day:
We miss you 🧡
Burn fat. Build muscle. Get real results.
Come back to Unlimited for just $2 a day this January.
Lock in extra savings with a 6 or 12-month commitment. And Transformation Challenge signup is on us!
Reply "STOP" to unsubscribe.
Click the link below to view a
Text Message · SMS


11:10
+1 (541) 636-2118
Mon, Jan 12 at 11:32 AM
Small steps lead to real change. Start with 1 month unlimited for $62 & join our Transformation Challenge for FREE starting Jan 26. Let's get you started!
Reply "STOP" to unsubscribe.
11:32 AM
Mon, Jan 19 at 4:47 PM
4:47 PM
Limited-time comeback offer! 🧡
Rejoin as a Premier (Unlimited) member and get:
• $62 for your first month (unlimited)
• FREE Transformation
Text Message · SMS


11:10
+1 (541) 636-2118
Thu, Jan 29 at 3:16 PM
3:16 PM
Last weekend to grab our come-back offer! Rejoin as a Premier member and get:
• $62 for your first month (unlimited)
• FREE Transformation Challenge entry ( 2 inbody scans)
• Stack your savings with commitment rates — unlimited from $139
Downgrade anytime- no hidden fees. Reply "YES" to lock in!
3:16 PM
Text Message • SMS


11:10
+1 (541) 636-2118
Sat, Jan 31 at 11:32 AM
Try a month, just $2/day.
orangetheory
11:32 AM
One more weekend... and then it's gone!
Reconnect with the Eugene OTF community that keeps you going.
$62 for a month unlimited.
Stack with commitment rate savings. Downgrade with no penalty. Love us again or your money back
Offer ends Monday—risk free. Text "$2" so you don't miss out!
Reply "STOP" to unsubscribe.
Click the link below to view a
11:32 AM
Text Message • SMS


11:10
+1 (541) 636-2118
Mon, Mar 9 at 2:33 PM
Orangetheory FITNESS
Feel FREE to Celebrate
Join now, get one month free.*
2:33 PM
Hey Kay, It's our birthday, and you get the gift. Join between today and March 24 and get a month FREE! Includes our new Hyrox classes. As a previous member, you are NOT required to purchase a new heart rate monitor.
Reply "STOP" to unsubscribe.
Click the link below to view a video OTF-0806-Eugene made for you.
2:33 PM
dc1bc8a3-2279-4fb1-6141-08
Text Message • SMS

18. The text message Plaintiff received originated from telephone number (541) 636-2118, telephone number owned and/or operated by or on behalf of Defendant.

19. The text messages at issue were transmitted to Plaintiff's cellular telephone within the time frame relevant to this action.

20. Defendant's text messages constitute telemarketing because they encourage the future purchase or investment in property, goods, and/or services, i.e., Defendant's fitness services.

21. Defendant sent or caused to be sent the text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

22. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

23. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's cellular telephone with marketing text messages.

24. Plaintiff is the subscriber and sole user of the 1719 Number and is financially responsible for it.

25. Plaintiff's 1719 Number is her cellular telephone number used for personal purposes. Plaintiff's 1719 Number is her primary way of being contacted in her home.

26. Plaintiff registered her 1719 Number with the national do-not-call registry on November 30, 2025, and has been registered at all times relevant to this action.

27. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

*See Patriotic Veterans, Inc. v. Zoeller*, No. 16-2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

28. Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted five minutes reviewing all of Defendant's unwanted text messages.

29. As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's telephone solicitations by telling Defendant "Hi I've asked a few times now to be removed from your lead list. I moved out of Eugene back in 2019. Can someone confirm that I'm removed?", but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

30. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

31. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list. In fact, Plaintiff, through counsel, made a request to Defendant for a copy of Defendant's do-not-call list policy, but received no response from Defendant.

32. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's explicit opt-out instructions.

33. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

34. Defendant did not maintain the required procedures for handling and processing opt-out request prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made an explicit opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages after the opt-out request to continue the harassment and circumvent Plaintiff's opt out.

35. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

36. Indeed, Plaintiff's and the class members opt-out requests were not honored within a reasonable time from when the opt-out request was made.

37. On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative Class members, as it attempted to derive business from these messages.

## CLASS ALLEGATIONS

### PROPOSED CLASS

38. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

39. Plaintiff brings this case on behalf of the Classes defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **<u>National Internal Do Not Call Class</u>: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls.**

> **<u>Texas Do Not Call Registry Class:</u> All persons in Texas who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express consent, or (b) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.**

40. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

41. Also excluded from the Classes are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

**<u>NUMEROSITY</u>**

42. Upon information and belief, Defendant has placed violative calls and text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

43. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

44. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

b) Whether Defendant violated 47 C.F.R. § 64.1200(d);

c) Whether Defendant violated the TBCC;

d) Whether Defendant's conduct was knowing and willful;

e) Whether Defendant violated the privacy rights of Plaintiff and members of the Class;

f) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

g) Whether Defendant is liable for damages, and the amount of such damages;

h) Whether Defendant has any written policies for maintaining an internal do not call list; and

i) Whether Defendant should be enjoined from such conduct in the future.

45. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

46. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

47. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

50. Plaintiff repeats and re-alleges paragraphs 1 through 49 of this Complaint and incorporates them by reference herein.

51. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

52. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

53. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

54. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

55. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

56. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

57. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**<u>Violation Of 47 U.S.C. § 227(c)(2)</u>**
**(Individually and on behalf of the National Internal Do Not Call Class)**

58. Plaintiff re-alleges and incorporates paragraphs 1 through 49 as if fully set forth herein.

59. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

60. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing

calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

61. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

62. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

63. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

64. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

65. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

66. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

67. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

68. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

69. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**Violation of the TBCC § 305.053**
**(On Behalf of Plaintiff and the Texas Do Not Call Registry Class)**

70. Plaintiff repeats and realleges paragraphs 1 through 49 of this Complaint and incorporates them by reference herein.

71. The TBCC provides: "A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action

in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." Texas Bus. & Com. Code §305.053(a).

72. As set forth above, Defendant violated 47 C.F.R. § 64.1200(c) of the TCPA's implementing regulations by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective elephone numbers on the National Do Not Call Registry.

73. Moreover, 47 C.F.R. § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

74. Under the TBCC, Plaintiff and the Class members are entitled to recover $500 in statutory damages for each violative text message. Texas Bus. & Com. Code §305.053(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Classes Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, set out above, violate the TCPA and the TBCC;

d) An injunction requiring Defendant to cease all unsolicited calling activity to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Classes;

e) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: May 1, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Chirstopher Berman*
Christopher Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*